**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


*In re* **A.C.-1, C.C., and A.C.-2**

**No. 22-640** (Kanawha County 21-JA-349, 21-JA-350, and 21-JA-351)


**MEMORANDUM DECISION**


Petitioner Mother T.C.[1] appeals the Circuit Court of Kanawha County's June 29, 2022, order terminating her parental rights to A.C.-1, C.C., and A.C.-2.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating and remanding the circuit court's order is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In June of 2021, the DHHR filed an abuse and neglect petition alleging that petitioner exposed the children to domestic violence in the home and failed to provide for their needs. On October 1, 2021, the court granted a protective order against the father on behalf of petitioner and the children, which remained in effect until the adjudication hearing.

Following the adjudicatory hearing, the court entered an order adjudicating both petitioner and the father as abusing parents. The adjudicatory order, however, was a form document containing quoted statutory language with blanks next to each "finding" where the court could include a checkmark to indicate that the "finding" was being made and a blank line where a name could be handwritten in order to designate to whom the "finding" applied. In the order, the court found—by checking boxes—that all three children were abused and neglected and that petitioner and the father were abusing parents. Additionally, the order has several boxes checked that ordered the DHHR to provide certain services, including parenting classes, life skills classes, and drug screens. However, there is no notation in the blank spaces to specify for whom the services were

---

[1]Petitioner appears by counsel Sandra K. Bullman. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew T. Waight. Jennifer L. Anderson appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because some of the children share the same initials, we have included numbering to differentiate them.

1

ordered. It is important to stress that the adjudicatory order contains no specific findings of fact or conclusions of law.[3]

Following adjudication, both petitioner and the father filed written motions for post-adjudicatory improvement periods. The court entered an order titled "Order Regarding Motions for Improvement Period." Similar to the adjudicatory order, the order is a form document with blank spaces to fill in or add checkmarks to indicate "findings" made by the court. Several issues stand out on the face of the order. First, where the box for "mother" is checked, the father's name is written, and the mother's attorney is listed. Where the box for "father" is checked, the mother's name is written, and the father's attorney is listed. Second, the form only contains one section for checking whether the motion was denied or granted, but both the petitioner and the father filed motions for improvement periods. Only the father's name is written in the section, and the box for "granted" is checked. The order contains no other mention of petitioner's motion. Although the order only "grants" the father's motion for an improvement period, the order contains checkboxes for services ordered, where parenting, adult life skills, random drug screens, supervised visitation, and bus passes are all checked. However, the order only specifies that drug screens apply to the petitioner; there is no note as to whether the other services apply to both parents or only one parent.

The court then proceeded to disposition in June of 2022, during which both the DHHR and the guardian supported termination of petitioner's parental rights. The court ultimately terminated petitioner's parental rights. Neither the transcript from this hearing nor the dispositional order indicate that the court explicitly ruled on petitioner's motion for an improvement period, although the termination of her parental rights constituted an implicit denial. Similar to the adjudicatory order, the dispositional order is a form document containing language from applicable statutes with a blank space for checkmarks to indicate that "findings" have been made and a space for handwriting the names of any adult or child to whom these "findings" are meant to apply. By checking boxes, the court "found" that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future because she failed to follow through with the family case plan and other rehabilitative services and that the children's best interests required termination of her parental rights, although there are no findings specific to petitioner contained in the order. The court then terminated petitioner's parental rights to the children.[4] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Further, we have explained that

[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the

_____

[3]On appeal, petitioner raised no specific assignment of error concerning the court's adjudicatory order, although she correctly points out that the order does not contain any specific findings beyond concluding that she abused and neglected the children.

[4]The father is currently participating in an improvement period, and the permanency plan is reunification with him. The concurrent permanency plan is legal guardianship with a relative.

disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the . . . case [will be] remanded for compliance with that process.

Syl. Pt. 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001)).

Upon our review, we are unable to properly address petitioner's assignment of error concerning the denial of her motion for a post-adjudicatory improvement period because the record does not reveal any ruling by the circuit court on this motion. In discussing the sufficiency of dispositional orders in abuse and neglect proceedings, we previously explained that

> [p]rocedurally, these various directives [set forth in the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes] also provide the necessary framework for appellate review of a circuit court's action. Where a lower court has not shown compliance with these requirements in a final order, and such cannot be readily gleaned by this Court from the record, the laudable and indispensable goal of proper appellate review is thwarted.

*In re Edward B.*, 210 W. Va. 621, 632, 558 S.E.2d 620, 631 (2001). We further explained that "[a]dequate findings must be made in order to protect the rights of litigants and to facilitate review of the record by an appellate court." *Id*. (citation omitted). *Edward B.* concerned a dispositional order that failed to include specific findings required for termination of parental rights. *Id*. at 629-30, 558 S.E.2d at 628-29. Although that is not the precise situation at issue in petitioner's first assignment of error, it is nonetheless instructive in a circumstance in which the court made *no ruling* regarding petitioner's motion for a post-adjudicatory improvement period. Such motions are left to the court's discretion. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). However, this Court is unable to undertake a review of whether an abuse of discretion occurred if the circuit court failed to include any ruling, let alone findings, in regard to this motion. Accordingly, we must remand the matter so that the circuit court may enter a new dispositional order with a ruling on petitioner's motion for a post-adjudicatory improvement period, including sufficient findings of fact and conclusions of law to support the ruling.

In her second assignment of error, petitioner alleges that the circuit court erred in terminating her parental rights when less restrictive dispositional alternatives were available. Again, it is impossible for this Court to review this assignment of error, given the circuit court's conclusory "findings" set forth in its dispositional order, which consisted simply of the court checking boxes next to statutory language it believed was applicable. As we have previously held, such conclusory declarations are insufficient for termination of parental rights.

> Where a trial court order terminating parental rights merely declares that there is no reasonable likelihood that a parent can eliminate the conditions of neglect, without explicitly stating factual findings in the order or on the record supporting such conclusion, and fails to state statutory findings required by West Virginia Code § [49-4-604(c)(6)] on the record or in the order, the order is inadequate.

*Edward B.*, 210 W. Va. at 624, 558 S.E.2d at 623, Syl. Pt. 4, in part.

3

Specifically, West Virginia Code § 49-4-604(c)(6) explicitly states that, in order to terminate parental rights, a circuit court must find that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and that termination is necessary for the child's welfare. Here, the order simply declared that the children's best interests required termination of petitioner's parental rights. Further, the order stated that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected because petitioner had not made efforts to rectify the circumstances that led to the filing of the petition. However, given the conclusory nature of the orders, this Court is unable to determine which services were ordered for petitioner specifically. Additionally, the record does reflect that petitioner corrected at least some of the concerning conditions, as petitioner separated from the father, was engaged in divorce proceedings, and was living with her mother at the time of the dispositional hearing. While it is true that the court also checked a box indicating that petitioner had not followed through with the applicable case plan, we nonetheless believe that the overall form of the order on appeal demonstrates the conclusory nature of these findings, which this Court has expressly found to be inadequate. As such, we find that it is necessary to vacate the dispositional order and remand the matter for the entry of a new order containing detailed findings of fact and conclusions of law specific to petitioner in support of the dispositional alternative the court finds appropriate.

For the foregoing reasons, we vacate the circuit court's June 29, 2022, order terminating petitioner's parental rights[5] and remand the matter with instructions for the court to enter a new dispositional order addressing petitioner's motion for a post-adjudicatory improvement period and the court's determination regarding termination of petitioner's parental rights, consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Chapter 49 of the West Virginia Code. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and remanded, with direction.

**ISSUED**: May 16, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[5]The vacation of the court's June 29, 2022, order applies only to the termination of petitioner's parental rights. That order also contains additional rulings regarding the father's ongoing improvement period that remain unaffected by this decision.

4